COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MARK S. ALLEN

                                          MEMORANDUM OPINION[*]
v.   Record No. 0897-97-1                       PER CURIAM
                                           AUGUST 26, 1997
CITY OF NORFOLK POLICE DEPARTMENT AND
 CITY OF NORFOLK, TRIGON
 ADMINISTRATORS, INC.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Karen M. Rye, on brief), for appellant.

          (Philip R. Trapani, City Attorney; André A.
          Foreman, Deputy City Attorney, on brief), for
          appellees.



     Mark S. Allen (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he was

not entitled to the benefit of the presumption contained in Code

§ 65.2-402(B).  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     Code § 65.2-402(B) provides that "hypertension or heart

disease . . . resulting in total or partial disability of [a city

police officer] . . . shall be presumed to be occupational

diseases, suffered in the line of duty, that are covered by this

title unless such presumption is overcome by a preponderance of

competent evidence to the contrary."  This presumption applies

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

only if

> persons entitled to invoke [it] have . . . undergone preemployment physical examinations that (i) were conducted prior to the making of any claims under this title that rely on [this] presumption[ ], (ii) were performed by physicians whose qualifications are as prescribed by the [employer], (iii) included such appropriate laboratory and other diagnostic studies as the [employer] may have prescribed, and (iv) found such persons free of . . . hypertension . . . or heart disease at the time of such examinations.

Code § 65.2-402(D).

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that in 1978, claimant underwent a preemployment physical examination before beginning employment with the City of Norfolk Police Department ("the police department"). Dr. T. E. Smith of the Norfolk Public Health Department performed the examination. On November 28 and 30, and December 1, 1978, claimant's blood pressure was measured in sitting, standing, and lying positions. On December 15, 1978, Dr. H. S. Wise noted that in all positions claimant's blood pressure was "persistently hypertensive." Dr. Wise referred claimant to a cardiologist. Dr. Wise concluded that based upon the preemployment examination, claimant had "evidence of persistent diastolic hypertension, ranging from moderate to slight, and occasionally [had] systolic hypertension of a mild to moderate degree . . . ."

2

On February 12, 1996, claimant suffered a silent inferior myocardial infarction and a left ventricle aneurysm. Following claimant's heart attack, Dr. Thomas Klevan, claimant's cardiologist, reported that claimant had a history of hypertension. In responding to an August 26, 1996 letter from claimant's counsel, Dr. Klevan opined that claimant had substantial exposure outside of his employment to risk factors, including hypertension, elevated cholesterol, and a family history of heart disease. These factors contributed to the development of claimant's heart disease. Dr. Klevan could not eliminate any of these risk factors from being a primary cause of claimant's heart attack.

In denying claimant's application, the commission found that the presumption did not apply because the medical records revealed that claimant suffered from hypertension prior to his employment by the police department and that claimant's hypertension contributed to the development of his heart disease, which ultimately resulted in his heart attack on February 12, 1996. Unless we can say as a matter of law that claimant's evidence proved that he was free of hypertension prior to his employment by the police department, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The results of the preemployment examination performed by Dr. Smith, a qualified physician, and the conclusions drawn from

that examination by Dr. Wise, support the commission's finding that claimant was not free of hypertension prior to his employment by the police department. In addition, Dr. Klevan's opinion established that claimant's hypertension contributed to the development of his heart disease. Accordingly, we cannot say as a matter of law that claimant met his burden of proving he was entitled to the benefit of the presumption contained in Code § 65.2-402(B).

For these reasons, we affirm the commission's decision.

Affirmed.
